CLARENCE E. McMANUS, Judge.
 

 IgThe defendant, Joseph K. Dauzat, pled guilty to purse snatching in violation of LSA-R.S. 14:65.1.
 
 [1]
 
 A multiple offender bill was filed, alleging that the defendant was a second felony offender. The defendant admitted this allegation and was re-sentenced as a multiple offender to fifteen years at hard labor, sentence to run concurrently with any other sentences. This appeal followed.
 

 The facts, as determined from the police report contained in the record and the transcript of motion hearings, reflect that on September 25, 2006, the defendant physically removed a money pouch from the victim as she left a bank in the West-side Shopping Center in Gretna. The victim was 82 years old and was blind. Two witnesses saw the purse-snatching and alerted police. The defendant fled on foot
 
 *611
 
 but was arrested shortly after the robbery. After the defendant was apprehended, he gave an audiotaped confession to the crime. The defendant was identified, both after he was apprehended and at the motion hearing, by Scott Penton, an eye witness to the crime. The defendant was also identified by Ms. |3Socol, the victims’ companion at the scene of the crime, within an hour of the crime. After the defendant was arrested, he led police to the bank envelope or bag that had been taken from the victim. In addition to cash, the bag contained receipts from the victim.
 

 Appellant’s appointed counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), under the procedure set forth in
 
 State v. Benjamin,
 
 673 So.2d 528, 530 (La.App. 4 Cir.1990)
 
 [2]
 
 . Counsel asserts that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the Supreme Court of the United States held that appointed appellate counsel may request permission to withdraw if counsel finds the case to be wholly frivolous after a conscientious examination.
 
 [3]
 
 The request must be accompanied by ‘ “a brief referring to anything in the record that might arguably support the appeal” ’ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 |In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no nonfrivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief ar
 
 *612
 
 guing any legal point identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 In this case, the defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. In the appeal brief, counsel notes that the eyewitnesses were asked to view the defendant in what she characterizes as a questionable “show-up” identification procedure. However, defendant pled guilty without reserving his right to challenge pre-trial rulings. An unqualified plea of guilty waives all non-jurisdictional | ¡¡defects.
 
 State v. Crosby,
 
 338 So.2d 584, 588 (La.1976). Accordingly, defendant’s guilty plea precludes review of this issue by appeal
 

 An independent review of the record support’s appellate counsel’s contention that there are no non-frivolous issues to be raised in this appeal. When challenging an identification procedure, the defendant must prove the identification was suggestive and that there was a substantial likelihood of misidentification. It is the likelihood of misidentification that violates due process, not the mere existence of suggestiveness.
 
 State v. Hurd,
 
 05-258 (La.App. 5 Cir. 11/29/05), 917 So.2d 567, 570,
 
 writ denied,
 
 06-1128 (La.11/17/06), 942 So.2d 530. Fairness is the standard for identification procedures and reliability is the linchpin in determining the admissibility of identification testimony.
 
 Manson v. Brathwaite,
 
 432 U.S. 98, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977);
 
 State v. Clennon,
 
 98-1370 (La.App. 5 Cir. 6/30/99), 738 So.2d 161, 164. There is nothing in this record to indicate that the positive identification of the defendant was based on anything other than the two independent witnesses’ certainty that the defendant was in fact the purse snatcher.
 

 An independent review of the transcript of the guilty plea and the waiver of rights form establish that the defendant was advised of and waived his rights to trial by jury, to remain silent, and to confront witnesses. During the plea colloquy, the defendant was asked if he was being forced to plead guilty and he responded in the negative.
 

 The record also establishes that the defendant pled guilty in exchange for a known sentence. He received the promised sentences, on both the underlying offense and the multiple offender bill, which is within legal limits. For these reasons, nothing in this record suggests that the defendant’s plea of guilty is constitutionally deficient.
 

 IfiOur review of the record for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), reflects the following.
 

 On March 21, 2007, the defense filed a motion to determine the defendant’s competency to stand trial. The court appointed experts to evaluate the defendant and, in a report dated April 18, 2007, both experts concluded that the defendant was able to assist in his defense. The defense stipulated to these findings on May 16, 2007. At that time, counsel stated on the record that the defendant had been found to be competent and that he wished to plead guilty. The record contains no indication that the court formally ruled that the defendant was competent to stand trial.
 

 “When the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.” LSA-C.O.P. art. 642. The determination of competency to stand trial is a matter for
 
 *613
 
 the court to determine. LSA-C.Cr.P. art. 647. For these reasons, the trial court should have placed on the record the court’s express conclusion that the defendant was competent to stand trial.
 

 In this case, the defendant requested a sanity commission. His motion was granted and two mental health professionals, a psychologist and a psychiatrist, examined him. In their expert opinion, the defendant was competent to proceed to trial. The defendant stipulated to these reports, thus obviating the need for a contradictory hearing and establishing his willingness to plead guilty.
 

 While the better practice would have been for the trial court to expressly rule on the sanity motion and to state for the record that the defendant was competent to |7stand trial, it appears that the defendant waived his right to the contradictory hearing mandated by LSA-C.Cr.P. art. 647.
 

 Appellate counsel has filed a motion to withdraw as attorney of record which states that she has followed the procedures of
 
 Anders
 
 and wishes to withdraw as counsel. Counsel certified that she has served a copy of the appellate brief on the defendant; however she does not attach proof to her motion. Such notification is part of the
 
 Anders
 
 procedure as detailed in
 
 State v. Bradford,
 
 95-929, p. 3 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 This Court sent defendant a letter by certified mail informing the defendant that an
 
 Anders
 
 brief had been filed and that he had until August 22, 2008 to file a pro se supplemental brief. Despite this opportunity to raise issues in connection with this appeal, the defendant has not filed a brief as of the date of this memorandum’s distribution.
 

 Appellant counsel’s brief adequately demonstrates by full discussion that she has reviewed the trial court proceedings and cannot identify any basis for a nonfriv-olous appeal and an independent review of the record supports counsel’s assertion. Accordingly, defendant’s conviction and sentence be affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.
 

 AFFIRMED; MOTION TO WITHDRAW GRANTED.
 

 [1]
 

 . The State also alleged that the victim was more than sixty-five years of age.
 

 [2]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [3]
 

 . The Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).