JUDE G. GRAVOIS, Judge.
| ¡(Defendant, Kevin Mayon, has appealed his convictions and sentences for two counts of aggravated burglary, one count of attempted aggravated burglary, and one count of attempted simple burglary of an inhabited dwelling. For the reasons that follow, we affirm.

PROCEDURAL HISTORY

On November 14, 2007, the Jefferson Parish District Attorney filed a bill of information charging defendant with four counts of attempted armed robbery with a firearm and one count of armed robbery with a firearm. Defendant was arraigned and pled not guilty. On December 11, 2008, the trial court denied defendant’s motion to suppress evidence, and his motion to suppress statement was marked as moot. Defendant’s motion to suppress identification was denied on January 27, 2010. On April 14, 2010, the State filed an amended bill of information charging defendant with two counts of aggravated burglary, one count of attempted aggravated burglary, and one count of attempted simple burglary of an inhabited 13dwelling. On that same date, defendant was arraigned on the amended bill and pled not guilty.
Defendant’s pro se motions to quash were denied, as was his writ to this Court challenging those denials. State v. May-on, 10-K-836 (LaApp. 5 Cir. 10/20/10) (unpublished writ disposition).
On November 8, 2010, defendant’s trial commenced. However, the next day, defendant withdrew his not guilty plea and pled guilty under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d *1117 162 (1970),[1] to two counts of aggravated burglary (Counts 1 and 3), one count of attempted aggravated burglary (Count 2), and one count of attempted simple burglary of an inhabited dwelling (Count 6). On that same date, the trial court sentenced defendant to imprisonment at hard labor for 27 ½ years each on Counts 1 and 3, 15 years on Count 2, and six years on Count 6, with all sentences to run concurrently. On March 24, 2011, defendant filed an application for post-conviction relief. Defendant was granted an out-of-time appeal on April 4, 2011.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[2] appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal.
|4In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In this case, defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She notes that no issues were reserved for appellate review during the Boykin[3] colloquy; howev *1118 er, she says that she still looked carefully at the minutes and the law. [ ¿Defendant's appellate counsel states that the main issue defendant was concerned with was prescription, but after reviewing the pertinent facts and law, she has determined that defendant’s prosecution and plea were timely under LSA-C.Cr.P. art. 578. She contends that the only possible issues for further review may be assertions raised in an application for post-conviction relief, since the record at this time does not contain any material evidence that questions the fairness of this proceeding.
Appellate counsel has mailed defendant a copy of the brief filed on his behalf and informed him that he may file a pro se brief.[4] The State filed a response to appellate counsel’s brief, concurring in appellate counsel’s assertions. The State requests that this Court affirm defendant’s convictions and sentences. Further, the State contends that defendant is procedurally barred from appealing his sentences that were given in accordance with a plea agreement, noting that defendant was made aware of the sentences he would receive.
An independent review of the' record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly and concisely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See generally LSA-C.Cr.P. arts. 464-66.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty pleas, and his sentencing. As such, defendant’s presence does not present any issue that would support an appeal.
1 fiFurther, defendant pled guilty. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
Several pretrial motions were filed in this case, including motions to suppress evidence and identification, and a motion to quash. The record reflects that those motions were denied prior to the guilty plea; however, no rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976). Nevertheless, we find that the motion to quash filed by defendant was properly denied. A motion for continuance filed by a defendant is a preliminary plea under LSA-C.Cr.P. art. 580, which suspends the running of the prescriptive period. State v. Fish, 05-1929, p. 1 (La.4/17/06), 926 So.2d 493, 494. The period is suspended until the ruling of the court, but in no case shall the State have less than one year after the ruling to commence trial. State v. Jones, 93-134 (La.App. 5 Cir. 5/25/93), 620 So.2d 341, 342. The last continuance requested by defendant before he filed his first motion to quash was on November 30, 2009. Therefore, the State had no less than one year after the ruling granting the continuance, or until November 30, 2010, to commence trial. As such, the guilty pleas defendant entered on November 9, 2010 were timely under LSA-C.Cr.P. art. 580.
*1119 Additionally, we find that the record does not reveal any irregularities in defendant’s guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to |7enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra.
The record shows that defendant was aware he was pleading guilty to two counts of aggravated burglary (Counts 1 and 3), one count of attempted aggravated burglary (Count 2), and one count of attempted simple burglary of an inhabited dwelling (Count 6) in violation of LSA-R.S. 14:60, LSA-R.S. 14:27:60, and LSA-R.S. 14:27:62.2, respectively. Defendant was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama. He was advised of these rights by means of the waiver of rights form, where he initialed each right, and the colloquy between defendant and the judge. Defendant indicated that he understood that he was waiving these rights.
Defendant further stated that he had not been forced, coerced, or threatened to enter his guilty pleas. He indicated that he understood the possible legal consequences of pleading guilty, but wished to plead guilty at that time. Defendant also indicated that he understood that by pleading guilty to a felony that a future felony conviction could result in the sentence being enhanced. The judge indicated that he was satisfied that there was a factual basis for acceptance of the pleas and accepted them as knowingly, intelligently, freely, and voluntarily made.
The waiver of rights form and the colloquy reflect that defendant was advised that he faced a maximum sentence of 30 years on Counts 1 and 3; 15 years on Count 2; and 6 years on Count 6; and that if his guilty pleas were accepted, he would receive two 27 ½-year sentences on Counts 1 and 3, a 15-year sentence on Count 2, and a six-year sentence on Count 6, with all sentences to run concurrently with one another. Defendant knew what his sentences would be if he chose to plead guilty, and he received sentences in conformity with the agreement. LSA-jC.Cr.P.s art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. Further, defendant’s sentences fall within the sentencing ranges prescribed by statute. Accordingly, we find that defendant’s sentences do not present any issues for appeal.

ERROR S PATENT REVIEW

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). This review revealed no errors patent.

CONCLUSION

Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, defendant’s convictions and sentences are affirmed. Appellate counsel will be allowed to withdraw upon the filing of an appropriate motion to do so.[5]

AFFIRMED

.Under Alford, an accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, or even if his guilty plea contains a protestation of innocence, when he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had the option to file a pro se supplemental brief. Defendant has not filed a pro se brief.

. It is noted that appellate counsel has yet to file a motion to withdraw.