ROBERT M. MURPHY, Judge.
li>,On March 11, 2013, defendant, Maxim C. Hoppens, pled guilty to one count of manslaughter, in violation of La. R.S. 14:31. The trial court sentenced defendant to 40 years of imprisonment at hard labor as per the plea agreement. Defendant was granted an out-of-time appeal. Defendant’s appointed appellate counsel has filed an Anders[1] brief, asserting that there is no basis for a non-frivolous appeal. For the reasons that follow, we affirm defendant’s conviction and sentence and remand the matter to the trial court for correction of an error patent as noted herein.
FACTS AND PROCEDURAL HISTORY
In this case, defendant’s conviction resulted from a guilty plea, so the circumstances surrounding the offense were not fully developed at trial. Here, the | ¡¡record reflects that on or between August 4, 2011 or August 5, 2011, defendant committed the manslaughter of David Goldberg.
On December 8, 2011, a Jefferson Parish Grand Jury indicted defendant for second degree murder in violation of La. R.S. 14:30.1 (count one); forgery in violation of La. R.S. 14:72 (counts two and three); and access device fraud in violation of La. R.S. 14:70.4 (count four). Prior to the indictment, defendant filed a “Motion for Order for Mental Examination and to Convene Lunacy Hearing with Incorporated Memorandum” on November 18, 2011. A sanity hearing was held on January 18, 2012, after which the trial judge found defendant competent to stand trial. On that same date, defendant was arraigned and entered a plea of not guilty.
On June 14, 2012, defendant withdrew his not guilty plea and pled “not guilty and not guilty by reason of insanity.” On January 14, 2013, count one of the indictment was amended from second degree murder to manslaughter in violation of La. R.S. 14:31. On March 11, 2013, defendant amended his plea a second time and pled guilty to manslaughter. In exchange for defendant’s guilty plea, the State dismissed counts two, three, and four. On that same date, the trial judge sentenced defendant to imprisonment at hard labor for forty years. On September 19, 2013, *297 defendant filed an application for post-conviction relief seeking an out-of-time appeal, which the trial court granted.
LAW AND DISCUSSION

Anders Brief

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has |4filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, supra at 241, the Louisiana Supreme Court stated that an An-ders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an An-ders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
|sWhen conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, supra at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal points identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In his brief, defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel states that the only pre-trial rulings centered on defendant’s motion and order for a mental examination. He further *298 States that the motion was apparently granted, but that defense counsel later withdrew the not guilty and not guilty by reason of insanity plea and entered a plea to manslaughter, a lesser included offense. Counsel asserts that he thoroughly reviewed the information relative to the motion and has not found any appealable issues. Counsel states that prior to pleading guilty, defendant was fully informed of the legal consequences of changing his plea by both his trial counsel and the district court. He notes that although the standard discovery motions were filed, the trial court record does not reflect that either the State or the defense lodged any objections or motions that would support a decision by this Court to reject defendant’s guilty plea.
Appellate counsel provides that an examination of the plea colloquy revealed that the trial court was very thorough in explaining the consequences of a guilty plea to defendant, and in making sure defendant understood the constitutional rights he would be waiving by pleading guilty. Appellate counsel Estates that the district court also carefully explained the sentencing range defendant would be exposed to if his guilty plea were accepted. He notes that defendant expressly acknowledged that he wanted to waive his constitutional rights to a trial, and that he made no reservation to appeal any pretrial rulings or his conviction and sentence. Appellate counsel asserts that defendant did not file a motion to reconsider sentence or a motion for appeal before he filed his application for post-conviction relief on September 19, 2013. He concludes that there are no credible arguments to advance on appeal and, therefore, requests that this Court grant his request to withdraw and conduct an error patent review.
Appellate counsel has filed a motion to withdraw as attorney of record which provides that he has notified defendant of the filing of this motion and advised him of his right to file a pro se brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until January 23, 2014 to file a pro se supplemental brief. Defendant filed a timely pro se supplemental brief.
The State responds that the brief filed by appellate counsel shows a conscientious and thorough review and recitation of the procedural history of the case. The State requests that this Court affirm defendant’s conviction and sentence. It notes that defendant signed a waiver of rights form that enumerated defendant’s rights, set out the sentencing range, and notified defendant of what his actual sentence would be. The State indicates that after defendant signed the waiver, the trial judge engaged defendant in a Boykin[4] colloquy, whereby defendant was again made aware of his rights, the sentencing range for his conviction, and that his sentence would be forty years at hard labor. The State asserts that defendant articulated to the trial judge that he understood those rights and wished 17to waive them. It further asserts that appellate counsel found that the sentencing was proper and in conformity with the plea agreement and, therefore, under La. C.Cr.P. art. 881.2(A)(2), defendant was precluded from seeking review of his sentence. Lastly, the State indicates that the sentence was proper and did not give rise to non-frivolous issues on appeal.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
*299 The indictment properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified defendant and the crime charged. See, La. C.Cr.P. arts. 462-66. Further, the minute entries reflect that defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea, and sentencing. As such, there are no appealable issues surrounding defendant’s presence.
Further, defendant pled guilty in this case. Under both state and federal jurisprudence, it is well-settled that an unqualified guilty plea waives all non-jurisdictional defects occurring prior thereto, and precludes review of such defects by appeal. State v. Johnson, 08-449 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19, writ denied, 09-0787 (La.12/18/09), 28 So.3d 932. Here, defendant entered an unqualified guilty plea and, therefore, it appears that all non-jurisdictional defects are waived.
Additionally, no pre-trial rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976), and the record reflects that defendant’s plea was not made pursuant to Crosby. Further, although defendant filed a motion to suppress statement and a motion to quash, the record does not reflect any rulings on those motions. When a defendant does not object to the trial |scourt’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Here, defendant did not object to the trial court’s failure to hear or rule on his pre-trial motions prior to his guilty plea. Therefore, the motions are considered waived.
 Next, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
Our review of the record reveals no constitutional infirmity in defendant’s guilty plea. The record shows that defendant was aware he was charged with and pleading guilty to the amended charge of manslaughter. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama^ supra. Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood that he was waiving these rights.
During his guilty plea colloquy, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty plea. Defendant indicated during the guilty plea colloquy that he understood that his guilty plea could be used to enhance penalties for any future convictions. Defendant was informed during the colloquy, and by means of the waiver of rights form, of the maximum sentence he faced and of the actual sentence that would be imposed if his guilty plea was ^accepted. After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, and voluntarily made.
With regard to defendant’s sentence, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agree *300 ment, which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, defendant’s sentence was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea.
Even if defendant could seek review of his sentence, we would find no merit. Here, defendant pled guilty to manslaughter, which is a violation of La. R.S. 14:31. The trial judge imposed a sentence of 40 years imprisonment at hard labor, which falls within the sentencing range prescribed by the manslaughter statute. See La. R.S. 14:31.
Moreover, defendant’s plea agreement was greatly beneficial to him. Prior to the plea agreement, defendant was facing a second degree murder charge, which carries a life sentence; two forgery charges, which carry sentences of up to 10 years on each count; and one charge for access device fraud, which carries a sentence of up to 5 years.[5] Pursuant to the plea agreement, defendant received a 40-year sentence on the amended charge of manslaughter, and the State dismissed the forgery and access device fraud charges.
Based on the foregoing, we find that defendant’s guilty plea and sentence imposed pursuant to a plea agreement do not present any non-frivolous issues on appeal.
|inPro Se Assignments of Error
Defendant filed a pro se supplemental brief asserting five assignments of error.
In his first assignment of error, defendant contends that his guilty plea was not knowingly and intelligently entered. Specifically, defendant asserts that he informed his trial counsel that he panicked and killed the victim in self-defense, believing he was about to be raped by the victim. Defendant contends that because his trial counsel failed to conduct an appropriate investigation into the facts, his counsel was in no position to effectively advise defendant to plead guilty. Defendant further asserts that he would have gone to trial if he had known that his conduct only amounted to manslaughter and that, as a first offender, he would not have received the maximum forty-year sentence.
As set forth in our analysis of appellate counsel’s Anders brief, we have concluded that defendant’s plea was knowingly and intelligently entered. However, defendant’s first assignment of error also alleges that his counsel was ineffective for failing to conduct an appropriate investigation into the facts of his case.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance of trial counsel. According to the United States Supreme Court’s opinion in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel’s performance was deficient; and 2) that the deficiency prejudiced the defendant. The defendant has the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the ^proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can *301 be conducted, if necessary, rather than by direct appeal. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La.C.Cr.P. arts. 924-930.8. Id.
Because defendant’s conviction in this case resulted from a guilty plea, we find that the record is insufficient to fully explore defendant’s claim that his trial counsel was ineffective for failing to adequately investigate and prepare defendant’s case. Based on the limited record on appeal, we find that defendant’s ineffective assistance of counsel claims would be more appropriately raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support his allegations. Therefore, we find this assignment of error to be without merit.
In his second assignment of error, defendant contends that the factual basis given by the State at the time of the plea was insufficient to bestow jurisdiction on the trial court to accept the guilty plea. Defendant challenges the sufficiency of the factual basis on several grounds: (1) defendant maintains that he asserted his innocence of the charged crime, therefore, a sufficient factual basis is a | ^jurisdictional requisite to the acceptance of a guilty plea in such instances; (2) defendants contends that the State failed to establish the grade of the homicide, or that the homicide was not perpetrated in self-defense.
As we have set forth above, an unqualified guilty plea waives all non-jurisdictional defects occurring prior thereto and precludes review of such defects by appeal. Johnson, supra. Because we have determined that defendant’s plea of guilty to manslaughter was valid, defendant has waived any right to question the merits of the State’s case, as well as the right to maintain a claim of self-defense. See State v. Bourgeois, 406 So.2d 550, 552 (La.1981). However, because defendant has alleged that the trial court was without jurisdiction to accept his plea because the factual basis was insufficient and he declared his innocence, we will review the merits of these claims.
The due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. State v. Smith, 09-769 (La.App. 5 Cir. 3/9/10), 38 So.3d 894, 896, n. 1, writ denied, 10-0843 (La.11/5/10), 50 So.3d 812. Louisiana law, unlike federal law, has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis. Id. Rather, due process requires a factual basis for a defendant’s guilty plea only when a defendant proclaims his innocence, or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. Id.
Our review of the record shows that the State provided a lengthy factual basis at defendant’s plea hearing. Although the exact details of the crime itself were unclear, defendant admitted his guilt for the crime after the factual basis was presented. Specifically, the trial judge asked defendant if the factual basis read at the hearing was correct, to which he replied, ‘Tes, ma’am.” The trial judge then asked defendant if he was pleading guilty because he was in fact guilty, and | ^defendant replied, ‘Tes, ma’am.” Be *302 cause our review of the record shows that defendant did not maintain his innocence at the plea hearing, but rather admitted his guilt for the manslaughter of David Goldberg, we find that the trial court had no constitutional duty to ascertain a factual basis prior to accepting defendant’s guilty plea in this case.
Defendant has also alleged two ineffective assistance of counsel claims in his second assignment of error. Specifically, defendant contends that his trial counsel was ineffective for failing to object to the sufficiency of the factual basis, and for failing to enter an Alford[6] plea. We find that the record contains sufficient evidence to rule on the merits of these ineffective assistance claims. Therefore, we will consider these claims on appeal in the interest of judicial economy.
We find no merit to defendant’s claim that his trial counsel was ineffective for failing to object to the sufficiency of the factual basis provided at the plea hearing. In State v. Allen, 03-2418 (La.6/29/05), 913 So.2d 788, cert. denied, 547 U.S. 1132, 126 S.Ct. 2023, 164 L.Ed.2d 787, the Louisiana Supreme Court stated that the failure to object to a valid error may be the proper subject of a claim of ineffective assistance of counsel. Conversely, the failure to object to invalid errors may not be the proper subject of a claim of ineffective assistance of counsel. As we have found above, defendant is not entitled to relief on the basis of his claims regarding the sufficiency of the factual basis. Accordingly, the failure of his trial counsel to object to the sufficiency of the factual basis did not prejudice defendant, and therefore, does not constitute ineffective assistance of counsel.
Similarly, we find no merit to defendant’s claim that his trial counsel was ineffective for failing to enter an Alford[7] plea on his behalf. Again, defendant 114alleges that he “specifically denied admission of guilt and maintained his innocence.” Because the record establishes that defendant admitted guilt for the manslaughter of the victim at this plea hearing, and did not maintain his innocence, we find that defendant has failed to establish that his counsel’s performance was deficient in this regard, or that the alleged deficiency prejudiced defendant. See Strickland, supra at 687, 104 S.Ct. 2052. Therefore, we find this assignment of error to be without merit.
In defendant’s third and fourth assignments of error, he contends that his guilty plea was not validly entered because the question of his mental capacity had not been resolved by the trial court prior to the entry of his plea, and that his trial counsel was ineffective for failing to object to this error prior to the entry of defendant’s guilty plea.
Once a defendant’s mental incapacity to proceed is raised, there can be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed. State v. Dauzat, 08-460 (La.App. 5 Cir. 1/13/09), 8 So.3d 609, 612 (citing La.C.Cr.P. art. 642). The issue of a defendant’s mental capacity to pro *303 ceed shall be determined by the court in a contradictory hearing. La.C.Cr.P. art. 647. The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Id.
In the instant case, defendant filed a “Motion for Order for Mental Examination and to Convene Lunacy Hearing with Incorporated Memorandum” on November 18, 2011. The trial court conducted a sanity hearing on January 18,11R2012, wherein defense counsel stipulated to the report provided by Dr. Rafael F. Salcedo and Dr. Richard W. Richoux, which found defendant competent to proceed. At the conclusion of the hearing, the trial court found defendant competent to proceed. Defendant subsequently pled guilty to manslaughter on March 11, 2013.
Based on the foregoing, we find that the record shows that the issue of defendant’s mental capacity to proceed was determined by the trial court in a contradictory hearing prior to the entry of his guilty plea. Therefore, we find no merit to defendant’s claim that his plea was not validly entered due to the allegedly unresolved issue of his mental capacity. Furthermore, because the question of defendant’s mental capacity was properly raised and resolved by the trial court prior to the entry of the guilty plea, we find that defendant’s trial counsel was not ineffective for failing to object to the trial court’s failure to resolve that issue prior to defendant’s plea.
In his fifth assignment of error, defendant contends that the trial judge committed reversible error by assisting the State in negotiating and securing the guilty plea during the plea bargaining process, and that his trial counsel was ineffective for failing to object to this alleged error. Defendant contends that the trial judge personally communicated with all parties and that the trial judge said she would only allow defendant to plead guilty to forty years, whereas the State had proposed that defendant be sentenced to thirty years.
In State v. Bouie, 00-2934 (La.5/14/02), 817 So.2d 48, the Louisiana Supreme Court discussed the effect of a trial judge’s participation in the proceedings on the free and voluntary nature of a defendant’s plea. In that case, the Louisiana Supreme Court declined to adopt a rule absolutely prohibiting Louisiana trial judges from participating in plea negotiations, such as that provided |1fiin the Federal Rules of Criminal Procedure, Fed. R.Crim. Proc. 11(e)(1), but cautioned that a judge doing so “should take extreme care to avoid the dangers described in the ABA commentary,” which it quoted as follows:
(1) judicial participation in the discussions can create the impression in the mind of the defendant that he would not receive a fair trial were he to go to trial before this judge; (2) judicial participation in the discussions makes it difficult for the judge objectively to determine the voluntariness of the plea when it is offered; (3) judicial participation to the extent of promising a certain sentence is inconsistent with the theory behind the use of the presentence investigation report; and (4) the risk of not going along with the disposition apparently desired by the judge may seem so great to the defendant that he will be induced to plead guilty even if innocent. ABA Standards, Pleas of Guilty § 3.3(a), Commentary 73 (Approved Draft 1968).
Id. at 54.
In the instant case, defendant has failed to present any evidence indicating that the trial judge entered the plea negotiations in this case, and our review of the record fails *304 to reveal any such participation on behalf of the trial judge. Therefore, we find this claim to be without merit. As for defendant’s ineffective assistance of counsel claim, we find that based on the limited record on appeal regarding this issue, this claim would be more appropriately raised in an application for post-conviction relief in the trial court. Therefore, we find this assignment of error to be without merit.

Error Patent Discussion

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals an error in the “State of Louisiana Uniform Commitment Order.” The Uniform Commitment Order reflects the incorrect date, August 9, 2011, as the date of the offense. Accordingly, to ensure an accurate record, we remand this case and order the Uniform Commitment Order to be | ^corrected to reflect the correct date of the offense, on or between August 4, 2011 and August 5, 2011. We further direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal Department. See State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142, citing La.C.Cr.P. art. 892(B)(2).
CONCLUSION
Accordingly, for the foregoing reasons, we affirm defendant’s conviction and sentence for one count of manslaughter, in violation of La. R.S. 14:31, and grant appellate counsel’s motion to withdraw as attorney of record. The matter is remanded to the trial court for correction of an error patent as noted herein, and the Clerk of Court for the 24th Judicial District Court is ordered to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal Department.

AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF COMMITMENT.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

. In Bradford, supra, this Court adopted the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir. 1990), and sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (percuriam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. See La. R.S. 14:31; La. R.S. 14:30.1; La. R.S. 14:72; and La. R.S. 14:70.4.

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. Under North Carolina v. Alford, supra, an accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, or even if his guilty plea contains a protestation of innocence, when he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt. State v. Mayon, 11-643 (La.App. 5 Cir. 2/28/12), 88 So.3d 1115, 1117.