STEPHEN J. WINDHORST, Judge.
|aThe State has appealed the trial court’s granting of defendant’s motion to quash defendant’s first predicate conviction in the bill of information charging defendant with third offense DWI, La. R.S. 14:98(A)(D). We dismiss this appeal for lack of jurisdiction.
Under La.C.Cr.P. art. 912A, “[OJnly a final judgment or ruling is appealable.” A final judgment is one which puts an end to the proceedings. State v. Quinones, 94-436 (La.App. 5 Cir. 11/29/94), 646 So.2d 1216, 1217. Article 912B(Í) further provides that the State may appeal “[a] motion to quash an indictment or any count thereof.” However, when read and interpreted in reference to subsection A, a ruling on a motion to quash must be a final judgment that puts an end to the proceedings in order to be appealable. State v. Arceneaux, 13-953 (La.App. 5 Cir. 4/23/14), (unpublished).
|sIn this case, we find that the trial court’s quashing of one of the predicates does not put an end to the proceedings and, instead simply reduces the grade of the offense from a third offense DWI to a second offense DWI by eliminating the use of that particular conviction. Thus, it is not a final, appealable judgment, and therefore the State’s proper avenue to seek review is by an application for writ of review. Arceneaux, supra. See State v. Myles, 04-677 (La.App. 5 Cir. 1/25/05), 894 So.2d 515.
Accordingly, we dismiss the present appeal. We reserve to the State the right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4-3, within fifteen days from the date of this decision. Further, we construe the motion *866 for appeal as a notice of intent to seek a supervisory writ so the State is not required to file a notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3. State v. Donaldson, 13-703 (La.App. 5 Cir. 11/19/13), 130 So'.3d 394.
APPEAL DISMISSED.