CHAISSON, J.
| defendant, Dernard Harris, appeals his convictions and sentences for armed robbery and illegal use of a firearm. For the reasons that follow, we affirm defendant’s convictions and sentences and grant *1044 appellate counsel’s motion to withdraw as counsel of record for defendant.
PROCEDURAL HISTORY
On October 21, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of armed robbery, in violation of La. R.S. 14:64 (counts one and two), and one count of illegal use of a firearm, in violation of La. R.S. 14:94 (count three). At the December 18, 2014 arraignment, defendant pled not guilty. Defendant filed several pre-trial motions, including a motion to suppress identification, which was heard and denied on December 18,2015.
Thereafter, on February 23, 2016, defendant withdrew his not guilty pleas and, after being advised of his rights, pled guilty to counts two and three.[1] In accordance with the plea agreement, the trial judge sentenced defendant to imprisonment at hard labor for forty-nine years and six months without benefit of parole, probation, or suspension of sentence on count two and to imprisonment at hard labor for two years on count three, to run concurrently.
The State then filed a bill of information, pursuant to the provisions of La. R.S. 15:529.1, seeking to have defendant adjudicated a second felony offender on count two. After defendant stipulated to the allegations of the multiple bill, the trial court vacated defendant’s original sentence on count two and resentenced him, in accordance with the plea agreement, to imprisonment at hard labor for forty-nine years and six months without benefit of parole, probation, or suspension of ^sentence, to run concurrently with the sentence on count three. On March 1, 2016, defendant filed a pro se motion to reconsider sentence, which was denied.
On April 7, 2016, defendant filed an application for post-conviction relief seeking an out-of-time appeal based on his arguments that he was denied the effective assistance of counsel, that his sentence was excessive, and that the trial judge erred by accepting a constitutionally infirm guilty plea. On April 28, 2016, the trial judge granted defendant’s request for an out-of-time appeal.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record for defendant.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110.
*1045 In this case, defendant’s appellate counsel has complied with the procedures for filing an Anders brief. She thoroughly details the procedural history of the case and the facts as brought out at the suppression hearing. Appellate counsel then sets forth that, after a careful review of the record, she has found no non-frivolous ^issues to raise on appeal and no .ruling of the trial court which arguably supports the appeal. In particular, appellate counsel fully discusses the circumstances surrounding defendant’s guilty pleas to the original bill and to. the multiple offender bill of information, noting that defendant was advised of his rights, that he understood his rights and the consequences of his guilty pleas, and that he was not forced, threatened, or coerced into entering his guilty pleas.
In addition, appellate counsel addresses defendant’s pro se motion to reconsider sentence, in which he requested that his sentence be reduced to ten or fifteen years or that he be allowed to withdraw his guilty pleas and go to trial because he was unaware that he would not be able to appeal his entire case. Further, appellate counsel discusses the issues raised in defendant’s application for post-conviction relief that he was denied the effective assistance of counsel, that his sentence was excessive, and that the trial judge erred by accepting a constitutionally infirm guilty plea. After a complete analysis of these issues and a discussion of any potential concerns surrounding defendant’s case, counsel asserts in her appellate brief that she finds “no non-frivolous grounds which can be raised in this appeal.”
Along with her brief, appellate counsel has filed a motion to withdraw as counsel of record for defendant, which states that she has filed an Anders brief and that she has advised defendant of his right to file a pro se brief in the appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until September 18, 2016, to file a pro se supplemental brief. As of this date, defendant has not filed a supplemental brief.
This Court has performed an independent review of the appellate record, including the pleadings, minute entries, bill of ■information, and transcripts. Our |,[independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 463-466. Further, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, guilty pleas, sentencing on counts two and three, and his stipulation to and sentencing on the multiple offender bill of information.
Defendant pled guilty in this case. Generally, when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and review of such defects either by appeal or post-conviction relief is precluded. State v. Turner, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Defendant herein entered unqualified guilty pleas, and therefore, all non-jurisdictional defects are waived. In addition, no rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976).
Also, once a defendant is sentenced, only those pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered *1046 freely and voluntarily, if the Boykin[3] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or by what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
Our review of the record reveals no constitutional infirmity or irregularities in defendant’s guilty pleas on either the original or multiple offender bills of information. The record shows that defendant was aware he was pleading guilty to 15one count of armed robbery and one count of illegal use of a firearm. Defendant was also properly advised of his Boykin rights. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood the rights he was waiving by pleading guilty. Defendant was additionally informed of his sentencing exposure and of the actual sentences that would be imposed upon acceptance of his guilty pleas.
Further, during his guilty plea colloquy and in the waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas and that he was satisfied with the way his attorney and the court handled his case. After the colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made.
With respect to the multiple offender proceeding, the record shows that defendant was likewise adequately advised of his rights. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender as well as the actual sentence that would be imposed. Defendant indicated that he was satisfied with his attorney and the trial judge’s efforts to explain the rights he was waiving, that he understood all the possible legal consequences of pleading guilty to the multiple bill, and that he wished to plead guilty. Further, defendant affirmed that he had not been forced, threatened, or coerced into stipulating to the multiple bill. After his exchange with | ^defendant, the trial judge accepted his admission to the multiple bill as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant’s sentences, they were imposed in accordance with the plea agreements. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46. In addition, defendant’s sentences fall with the sentencing range set forth in the statutes. See La. R.S. 14:64; La. R.S. 14:94; La. R.S. 15:529.1.
In addition, we have considered the claims raised by defendant in his pro se motion to reconsider sentence and in his application for post-conviction relief requesting an out-of-time appeal. In his mo *1047 tion to reconsider sentence, defendant requested that his sentence be reduced to ten or fifteen years or that he be allowed to withdraw his guilty pleas and go to trial because he was unaware that he would not be able to appeal his entire case. The trial judge denied the motion, reasoning that defendant pled guilty in a negotiated plea agreement. As suggested by appellate counsel in her Anders brief, the trial court’s denial of this motion presents nothing for appellate review. Although the trial court did not address defendant’s request to withdraw his guilty pleas contained within his motion to reconsider sentence, we note that defendant filed his request to withdraw his guilty pleas after he was sentenced. La. C.Cr.P. art. 559(A) provides that the trial court “may permit a plea of guilty to be withdrawn at any time before sentence.” However, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, supra. As previously discussed, defendant’s guilty pleas were not constitutionally infirm. The record indicates that defendant was fully advised of his rights and that he ^entered the pleas freely and voluntarily. In addition, as noted by appellate counsel, the plea bargain was kept, and defendant was sentenced in conformity therewith.
In his application for post-conviction relief, defendant alleged that the trial judge erred in accepting his guilty pleas without an affirmative showing that they were intelligently and knowingly made. As part of this argument, defendant claimed that he was not advised of his rights and that the guilty pleas were not entered “by his own mouth,” but rather by the trial judge. We note again that the hecord reflects that defendant was thoroughly advised of his rights, that he understood those rights and the consequences of his guilty pleas, and that he wished to plead guilty. With regard to defendant’s claim that he did not enter the guilty pleas “by his own mouth,” we note that defendant answered affirmatively when the trial court asked him if he wanted to withdraw his former pleas of not guilty and enter pleas of guilty as charged to one count of armed robbery and one count of illegal use of a firearm.
In her Anders brief, appellate counsel construes defendant’s argument as a claim that there was no factual basis for his pleas. This assertion likewise has no merit. This Court has previously found that the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. Due process requires a factual basis for a defendant’s guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. State v. Hoppens, 13-948 (La.App. 5 Cir. 4/23/14), 140 So.3d 293, 301, writ denied, 14-1856 (La. 9/11/15), 176 So.3d 414. In the present case, defendant did not proclaim his innocence during the plea proceedings, and the trial court was not put on notice there was a need for a factual basis for the pleas. Therefore, the trial court had no constitutional duty to ascertain a factual basis prior to accepting defendant’s guilty pleas in this case.
| sIn his application for post-conviction relief, defendant also claimed that his trial counsel was ineffective for failing to preserve his right to seek review of the State’s lack of evidence and for failing to properly investigate his case. A plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. Therefore, a defendant cannot challenge the sufficiency of the evidence after he pleads guilty. State v. Smith, 07-815 (La.App. 5 Cir. *1048 3/11/08), 982 So.2d 821, 824 n.3, writ denied, 08-927 (La. 11/14/08), 996 So.2d 1088. As to the failure to properly investigate claim, the record is not sufficient to address it, and therefore, it would be more appropriately addressed in an application for post-conviction relief filed in the district court.[4]
Defendant also asserted in his application for post-conviction relief that his sentence was excessive and that the trial judge failed to state for the record the considerations taken into account and the factual básis for his conclusion in imposing the sentence. However, as previously discussed, defendant is precluded from seeking review of his sentences because they were imposed in conformity with plea agreements which were set forth in the record'at the time of the pleas. We further note that defendant received the mandatory minimum sentence for armed robbery as a second felony offender. Also, since defendant stipulated to being a second felony offender, the State did not charge him as a fourth felony offender, which would have greatly increased his sentencing exposure.
Lastly, we have reviewed the record for errors patent and have found none that require corrective action. La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990).
Based on the foregoing, we find that defendant’s guilty pleas to armed robbery and illegal use of a weapon, his multiple offender stipulation, and the [ sentences imposed pursuant to the plea agreements do not present any issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as counsel of record for defendant, and we affirm defendant’s convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

. The State entered a nolle prosequi as to count one.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)

. A claim for ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief hied in the trial court, where a full evidentiary hearing can be conducted, rather than on direct appeal. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on áppeal, it may be addressed in the interest of judicial economy. State v. Washington, 03-1135 (La.App. 5 Cir. 1/27/04), 866 So.2d 973, 983.