EDWARDS, JUDGE PRO TEMPORE, J.
Appellant, the State of Louisiana, appeals a trial court's ruling that granted defendant's motion to quash the bill of information. For the reasons that follow, the State's appeal is dismissed, and we reserve the State's right to file an application for supervisory writs.
STATEMENT OF THE CASE
On March 27, 2017, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Jonathan Lopez, with possession of marijuana, third offense, in violation of La. R.S. 40:966(C). Defendant pled not guilty at his arraignment on March 29, 2017. Thereafter, on May 12, 2017, defendant filed a motion to quash the bill of information, arguing that one of his prior convictions could not be used as a predicate conviction for enhancement purposes. The trial court granted defendant's motion following a hearing on May 30, 2017. The State timely sought the instant appeal.
ANALYSIS
Only a final judgment or ruling is appealable. La. C.Cr.P. art. 912(A). A final judgment is one which puts an end to the proceedings.
*1271 State v. Arceneaux , 13-953 (La. App. 5 Cir. 04/23/14), 140 So.3d 304, 306. A motion to quash an indictment or any count thereof may be appealed by the State. La. C.Cr.P. art. 912 (B)(1). When read and interpreted in reference to subsection A, a ruling on a motion to quash must be a final judgment that puts an end to the proceedings in order to be appealable. Arceneaux , 140 So.3d at 306. The quashing of a predicate offense does not put an end to the proceedings and, instead simply reduces the grade of the offense. State v. Millette , 14-76 (La. App. 5 Cir. 10/29/14), 164 So.3d 865.
In this case, the trial court's quashing of the 2009 predicate only reduced the grade of the offense from a possession of marijuana, third offense to a possession of marijuana, second offense. Therefore, it is not a final, appealable judgment. The State's proper avenue to seek review is by an application for a writ of review under our supervisory jurisdiction. Arceneaux, supra ; Millette, supra .
DECREE
Accordingly, we dismiss the present appeal. We reserve to the State the right to file a proper application for supervisory writs, in compliance with U.R.C.A. Rule 4-3, within fifteen days from the date of this decision. Further, we construe the motion for appeal as a notice of intent to seek a supervisory writ so the State is not required to file a notice of intent nor obtain an order setting a return date pursuant to U.R.C.A. Rule 4-3. State v. Donaldson , 13-703 (La. App. 5 Cir. 11/19/13), 130 So.3d 394.
APPEAL DISMISSED